STATE OF OKLAHOMA } S.S.
CLEVELAND COUNTY
FILED In The
Office of the Court Clerk

MAY 30 2014

DOCKET_____PAGE_____RECORDED

Rhonda Hall, Court Clerk

_____DEPUTY

**IN THE DISTRICT COURT OF CLEVELAND COUNTY**
**STATE OF OKLAHOMA**

KENNETH D. RAMSEY, TRUSTEE OF )
RAMSEY FAMILY REVOCABLE )
LIVING TRUST, )
      )
      Plaintiff, )
      )
      )
*versus* )
      ) Case No. CJ-14-684 TB
      )
ALTERRA EXCESS & SURPLUS INSURANCE )
COMPANY, FRATES INSURANCE & RISK )
MANAGEMENT, LLC, d/b/a FRATES )
INSURANCE & RISK MANAGEMENT, )
ENGLE MARTIN & ASSOCIATES, INC., )
and JEFF NONHOF, )
      )
      Defendants. )

## PETITION

    **COMES NOW** the Plaintiff, KENNETH D. RAMSEY, TRUSTEE OF

RAMSEY FAMILY REVOCABLE TRUST (hereinafter "Plaintiff"), and for his causes

of action against Defendants, ALTERRA EXCESS & SURPLUS INSURANCE

COMPANY ("ALTERRA"), FRATES INSURANCE & RISK MANAGEMENT, LLC

d/b/a FRATES INSURANCE & RISK MANAGEMENT ("FRATES"), ENGLE

MARTIN & ASSOCIATES, INC. ("ENGLE MARTIN"), and JEFF NONHOF

("NONHOF") (collectively referred to herein as "Defendants") and hereby states as

follows:

## STATEMENT OF FACTS

1.    Plaintiff is a resident of Moore, Cleveland County, Oklahoma. Plaintiff has an

    insurable interest in the following properties located in Cleveland County,

    Oklahoma:

1



    a.  [1]    100 S.E. 29th Street;

    b.  [2]    2100 S.W. 29th Street;

    c.  [5]    417 – 431 S.W. 29th Street;

    d.  [10]   641 S.W. 29th Street;

    e.  [12]   739 S.W. 29th Street;

    f.  [19]   1010-1016 S.W. 29th Street;

    g.  [24]   1340 S.W. 29th Street;

    h.  [27]   1600 S.W. 29th Street;

    i.  [40]   2541 S.W. 29th Street;

    j.  [42]   2605 S.W. 29th Street;

    k.  [46]   2912 S. Robinson Avenue;

    l.  [53]   4401 S.E. 104th Street;

    m. [57]   10401 Sunnylane Road;

    n.  [60A] 301 S.W. 29th Street (Dwelling); and

    o.  [60B] 301 S.W. 29th Street (Garage and Steel Storage Building).

2.     Defendant, ALTERRA is a corporation incorporated under the laws of the State of Delaware, and is an insurance company registered to engage in the business of insurance in the State of Oklahoma.

3.     Defendant, FRATES is a licensed insurance agency having its principal place of business in Oklahoma County, Oklahoma.

4.     Defendant, ENGLE MARTIN, is a licensed independent adjusting company having its principal place of business in Brooklyn Park, Minnesota. This cause of action arises out of Defendant's actions and/or inactions during the investigation

and evaluation of Plaintiff's claim(s). This Defendant is an independent adjusting company that was hired to adjust Plaintiff's claim(s) by one or more of the Defendants herein.

5.     Defendant, NONHOF, is a licensed insurance adjuster in the State of Oklahoma. The Defendant NONHOF's Oklahoma license number is 0000065589. This cause of action arises out of Defendant, NONHOF's actions and/or inactions during the investigation and evaluation of Plaintiff's claim(s). This Defendant is an individual that was hired as an adjuster by one or more of the Defendants herein.

6.     Plaintiff entered into a contract for insurance with Defendant, ALTERRA to provide coverage for the scheduled properties and its contents. Plaintiff's insured properties are located in Cleveland County, Oklahoma.

7.     Plaintiff purchased the policy of insurance through the offices of Defendant, FRATES. At the time Plaintiff purchased the policy of insurance with Defendant, ALTERRA, the Defendant, FRATES was an agent and/or an ostensible agent of Defendant, ALTERRA.

8.     Defendant, FRATES was familiar with Plaintiff and had served as Plaintiff's insurance agent for his insurance needs. Defendant, FRATES advised Plaintiff of the need to maintain replacement cost coverage on all properties.

9.     Plaintiff relied on Defendant, FRATES' representations and purchased the same. Plaintiff trusted and believed Defendant FRATES had the requisite insurance agent skills and expertise to properly procure the replacement cost insurance coverage Plaintiff requested.

10.     Thereafter Defendant, ALTERRA issued the Commercial Policy, Policy No. MAX3PP0060324 (the "Policy"), to the Plaintiff.

11.     Defendant, ALTERRA represented to the Plaintiff, directly and through their agent, the Defendant, FRATES, that it would conduct itself in accordance with Oklahoma law and would fully and faithfully investigate and pay claims.  Plaintiff relied on said representations.

12.     On or about May 31, 2013, the properties insured by Plaintiff under the subject Policy were severely damaged as a direct result of Wind/Hail.

13.     Plaintiff timely and properly submitted a claim(s) to Defendant, ALTERRA for the property damage incurred due to the Wind/Hail.

14.     Defendant, ALTERRA confirmed that the cause of Plaintiff's property damage claim(s) were due to the Wind/Hail and that the loss(es) were covered under the terms and conditions of the Policy with Defendant, ALTERRA. Defendant, ALTERRA assigned a single claim number of MXBP25687 for each of the insured and scheduled properties.

## STATUTORY AUTHORITY

15.     This suit is being brought, in part, under the Oklahoma Unfair Settlement Practices Act, Okla. Stat. Ann. §36-1250.5; the Oklahoma Consumer Protection Act, 15 Oka. Stat. §753, and the Oklahoma Insurance Code, 36 O.S. §101 *et seq*.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

16.     Plaintiff adopts and incorporates by reference paragraphs 1 through 15 above as if fully plead herein, and for further claims against the Defendant, ALTERRA alleges as follows:

4

17. Plaintiff entered into a contract for insurance with Defendant, ALTERRA to provide coverage for all scheduled properties.

18. At all times material hereto, the Policy of insurance, Policy No. MAX3PP0060324, was in full force and effect.

19. Plaintiff provided timely and proper notice of his claim(s) of property damage resultant from the May 31, 2013 Wind/Hail storms.

20. Plaintiff has complied with the terms and conditions and all conditions precedent under the Policy of insurance.

21. This notwithstanding, the Defendant, ALTERRA has breached its contractual obligations under the terms and conditions of the insurance contract with Plaintiff by failing to pay Plaintiff all benefits owed.

22. As a result of the Defendant, ALTERRA's breach of contract the Plaintiff has sustained financial losses and has been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

23. The conduct of Defendant, ALTERRA was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiff, and said conduct is sufficiently egregious in nature to warrant the imposition of punitive damages.

<u>SECOND CAUSE OF ACTION</u>
<u>BAD FAITH</u>

24. Plaintiff adopts and incorporates by reference paragraphs 1 through 23 above as if fully plead herein, and for further claims against the Defendants alleges as follows:

25. Defendants each owed a duty to Plaintiff to deal fairly and act in good faith.

26. Defendants breached their duty to deal fairly and act in good faith by engaging in the following acts and/or omissions:

   a. Failing to pay the full and fair amount for the property damage sustained by Plaintiff during the May 31, 2013 Wind/Hail storm in accordance with the terms and conditions of the Policy.

   b. Failing to pay all additional coverages due and owing to Plaintiff under the terms and conditions of the Policy.

   c. Reducing the fair amount of Plaintiff's claim(s) unfairly and without a valid basis.

   d. Violating the Unfair Claims Settlement Practices Act, 36 O.S. §§1250.1-1250.16 by wrongfully, intentionally and repeatedly withholding benefits and coverages due and owing to the Plaintiff under the terms and conditions of the Policy.

   e. Wrongfully, intentionally and repeatedly failing to communicate all coverages and benefits applicable to Plaintiff's claim(s).

   f. Forcing Plaintiff to obtain legal counsel to recover insurance benefits entitled to under the terms and conditions of the insurance contract.

   g. Failing to conduct a fair and objective investigation of the damage to Plaintiff's properties.

   h. Intentionally engaging in an outcome oriented investigation.

   i. Intentionally engaging in a systematic scheme designed to save money otherwise due and owing to the Plaintiff and other similarly situated insureds as a cost-saving mechanism.

27. Defendants' obligations to the Plaintiff arise from both express written terms under the insurance policy and under the Oklahoma Insurance Code as well as implied obligations under Oklahoma law.

28. Defendants' failure to implement and/or follow the statutory impositions under the Oklahoma Insurance Code constitute bad faith.

29. Defendants' conduct is a material breach of the terms and conditions of the insurance contract entered into with the Plaintiff and constitutes bad faith.

30. As a direct and proximate result of Defendants' unfair claims handling conduct, Plaintiff's claim(s) were unnecessarily delayed, inadequately investigated, and wronfgully underpaid.  Said actions resulted in additional profits and a financial windfall to Defendant ALTERRA.

31. As a result of Defendants' conduct the Plaintiff has sustained financial losses and has been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

32. The conduct of Defendants was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiff, and said conduct is sufficiently egregious in nature to warrant the imposition of punitive damages.

33. Plaintiff further alleges Defendants enjoyed increased financial benefits and ill-gotten gains as a direct result of the intentional and wrongful conduct described above, which resulted in further damages to the Plaintiff.

### THIRD CAUSE OF ACTION
### BREACH OF FIDUCIARY DUTY

34. Plaintiff adopts and incorporates by reference paragraphs 1 through 33 above as if fully plead herein, and for further claims against the Defendants alleges as

follows:

35. Due to the unequal bargaining power between Plaintiff and Defendants, the quasi-public nature of insurance, and the potential for Defendants to unscrupiously exploit that power at a time when Plaintiff was most vulberable, a special relationship akin to that of a fiduciary duty exists between Plaintiff and Defendants.

36. As a result of the special relationship, Defendants owed a fiduciary duty to their insured to act in a manner consistent with the best interests of their insured.

37. A fiduciary duty existed between Plaintiff and Defendants.  The overwhelming influence of Defendant, FRATES over Plaintiff, and Plaintiff's dependency and trust in their insurance agent, and Defendant, FRATES' assurance they could procure the insurance policy Plaintiff requested creates a fiduciary status.

38. Given the specialized knowledge the Defendant, FRATES possessed with regard to the terms and conditions of the insurance policy, the Defendant, FRATES' duty to act reasonably created such a special relationship so as to make the Defendant, FRATES a fiduciary.

39. The Defendants breached their fiduciary duties owed to the Plaintiff.

40. As a result of Defendants' breach of fiduciary duties, Plaintiff sustained financial losses and has been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

41. The conduct of Defendants was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiff, and said conduct is sufficiently egregious in nature to warrant the imposition of punitive damages.

## FOURTH CAUSE OF ACTION
## NEGLIGENCE IN THE PROCUREMENT OF INSURANCE

42.     Plaintiff adopts and incorporates by reference paragraphs 1 through 41 above as if fully plead herein, and for further claims against the Defendants alleges as follows:

43.     Defendant, FRATES was familiar with Plaintiff and had been hired as Plaintiff's insurance agent for his property insurance needs.  In this capacity, Defendant, FRATES advised Plaintiff of the need to purchase and maintain the more expensive replacement cost coverage so that his properties would be replaced in the event of damage or destruction to any of the properties by a covered loss.

44.     Plaintiff relied upon Defendant, FRATES' representations and annually purchased the suggested coverage by paying a higher premium each year.

45.     Defendant, FRATES procured the subject replacement cost policy for Plaintiff.

46.      At all times relevant hereto, the Defendant, FRATES was an agent and/or an ostensible agent of Defendant, ALTERRA.

47.     Defendant, ALTERRA owed Plaintiff a duty to act in good faith and to exercise reasonable care, skill and diligence in the procurement of insurance for Plaintiff, and in the notification of insurance coverage options to the Plaintiff.

48.     Defendant, FRATES had a duty to inform Plaintiff of all coverages, benefits, limitations and exclusions in the coverage procured.

49.     Defendant, FRATES breached its duty owed to Plaintiff and is liable to the Plaintiff because the insurance requested by Plaintiff was not procured as promised and Plaintiff suffered a loss(es).

50.     Defendant, FRATES breached its duty owed to Plaintiff by:

9

a.    Procuring an insurance policy that did not serve to fully replace its insured property when it was damaged or destroyed by a covered loss.

b.    Procuring an insurance policy that did not accurately reflect the reasonable expectations of the Plaintiff.

c.    Failing to inform Plaintiff of the limitations of the insurance policy procured for Plaintiff.

51.    Defendant, FRATES was negligent and breached its duty owed to Plaintiff by failing to review the policy procured for Plaintiff to ensure it provided appropriate and adequate coverage.

52.    Plaintiff reasonably believed the insurance policy procured and mainained by Defendant, FRATES was in conformity to the agreement with FRATES.

53.    Plaintiff relied upon Defendant, FRATES to procure and maintain appropriate and adequate coverage.

54.    Defendant, FRATES knew or should have known Plaintiff relied upon them to procure appropriate and adequate coverage, and it is foreseeable that the failure to procure appropriate and adequate coverage for Plaintiff could unnecessarily expose Plaintiff to significant harm, losses and damages.

55.    The Defendant, FRATES was an agent and/or an ostensible agent of Defendant, ALTERRA, and Defendant, ALTERRA is vicariously liable for the conduct of Defendant, FRATES.

56.    As a result of Defendants' conduct, Plaintiff has sustained financial losses and has been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

57.    The conduct of Defendants was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiff, and said conduct is sufficiently egregious in nature to warrant the imposition of punitive damages.

**FIFTH CAUSE OF ACTION**
**CONSTRUCTIVE FRAUD AND**
**NEGLIGENT MISREPRESENTATION**

58.    Plaintiff adopts and incorporates by reference paragraphs 1 through 57 above as if fully plead herein, and for further claims against the Defendants alleges as follows:

59.    Defendant, FRATES had a duty to exercise reasonable diligence and skill in obtaining and notifying Plaintiff of insurance coverage options.

60.    Defendant, FRATES breached its duty to Plaintiff by misrepresenting to Plaintiff as follows:

a.    That the insurance procured was truly one of "replacement."

b.    That the amount of coverage procured, and for which premiums were paid, was equal to the estimated replacement cost of Plaintiff's property.

c.    That the amount of coverage procured would provide the coverage necessary for Plaintiff to replace their property in the event it was destroyed by a covered event.

d.    The the insurance policy procured would comply with Plaintiff's reasonable expectations that the property would be restored to its pre-loss condition in the event of a covered loss.

61.    That as a result of Defendant, FRATES' breach of duty, Defendant, FRATES gained an advantage to the prejudice and detriment of Plaintiff.

62. Defendant, FRATES misrepresented the nature of the insurance policy procured for Plaintiff.

63. Defendant, FRATES misrepresented the policy as one which was necessary to provide appropriate and adequate coverage for Plaintiff's properties.

64. Defendant, FRATES misrepresented the policy was one which was in an amount necessary to replace Plaintiff's property in the event it was destroyed by a covered event.

65. Defendant, FRATES' misrepresentations constitute constructive fraud.

66. Plaintiff was induced to accept and purchase the Defendant, ALTERRA's policy of insurance by Defendant, FRATES' misrepresentations and constructive fraud.

67. Plaintiff was misled by Defendant, FRATES' misrepresentations and constructive fraud.

68. The Defendant, FRATES was an agent and/or an ostensible agent of Defendant, ALTERRA for purposes of these misrepresentations, and as such the Defendant, ALTERRA is vicariously liable for the conduct of Defendant, FRATES.

69. As a result of the Defendants' misrepresentations and constructive fraud, Plaintiff has sustained financial losses and has been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

70. Plaintiff is further entitled to reformation of the insurance contract to provide coverage consistent with the Defendant, FRATES' misrepresentations.

71. The conduct of Defendants was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiff, and/or was grossly negligence, and is

sufficiently egregious in nature to warrant the imposition of punitive damages.

**SIXTH CAUSE OF ACTION**
**NEGLIGENT UNDERWRITING**

72. Plaintiff adopts and incorporates by reference paragraphs 1 through 71 above as if fully plead herein, and for further claims against the Defendants alleges as follows:

73. At the time the insurance policy was sold to Plaintiff, Defendants were obligated to utilize reasonable valuation methodology to determine the costs which Defendants considered necessary to cover the replacement costs of Plaintiff's properties. As such, Defendants were then prohibited from writing a policy for more insurance than they considered necessary to cover the replacement cost of Plaintiff's properties as determined at the time the subject policy was written.

74. Thereafter, Defendants owed a duty to Plaintiff to exercise good faith, reasonable care, skill and expertise in the underwriting analysis to ensure the insurance policy provided appropriate and adequate coverage once the insurer-insured relationship was established.

75. Defendants breached their duties to Plaintiff to exercise good faith, reasonable care, skill and expertise in failing to establish an accurate and consistent methodology for calculating the replacement cost of Plaintiff's properties.

76. Defendants' breach resulted in both inconsistent and inaccurace replacement cost valuations whereby the Plaintiff paid premiums for policy limits that did not accurately reflect the risks insured.

77. Defendants further breached their duties by automatically applying Defendant, ALTERRA's annual inflationary adjustments which were utilized to increase

Plaintiff's policy limits and premiums without regard to whether or not the inflationary adjustment increase was necessary in relation to the properties valuations at the time.

78. The conduct and inconsistencies referenced herein violate Defendants' duties of good faith and fair dealing implicit in the insurance contract with Plaintiff and other Oklahoma policyholders.

79. Defendants' obligations arise from both the express written terms of the policy and the Oklahoma Insurance Code and Defendants' failure to implement and/or follow Oklahoma's statutory Insurance Code also constitutes unfair claims handling.

80. Defendants' conduct referenced herein constitutes a breach of this duty of good faith and fair dealing which is inherent in all insurance contracts within the State of Oklahoma.

81. Defendants' failure to procure the proper insurance product morally and legally requires it to be held to a duty of reasonable care, and that the burden of the resulting liability for breach of this duty be imposed upon them. This duty exists to foreseeability of the harm to Plaintiff which could occur as a result of failure to underwrite or procure adequate and appropriate insurance; the procurement of inadequate and improper insurance is the direct cause of the harm and injury suffered by Plaintiff; and the moral blame for the failure to procure and underwrite the current policy lies with the Defendants.

82. Further, the burden on the Defendants of imposing a duty to exercise care in procuring and underwriting the correct insurance policy for the needs of the

14

insured (with resulting liability for breach thereof) is minimal given the expertise and uneven bargaining power of the Defendants, and Defendants' representations of being an expert in the field of providing insurance to the general public, such as Plaintiff.

83. Plaintiff relied on Defendants to conduct an appropriate underwriting analysis to ensure and maintain an insurance policy which provided appropriate and adequate coverage.

84. Defendants breached their duties owed to Plaintiff by failing to conduct an appropriate underwriting analysis which resulted in issuing a policy of insurance to Plaintiff that did not provide appropriate and adequate coverage to Plaintiff.

85. As a result of the Defendants' conduct, Plaintiff has sustained financial losses and has been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

86. The conduct of Defendants was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiff, and/or was grossly negligence, and is sufficiently egregious in nature to warrant the imposition of punitive damages.

## SEVENTH CAUSE OF ACTION
### VIOLATIONS OF OKLAHOMA CONSUMER PROTECTION ACT

87. Plaintiff adopts and incorporates by reference paragraphs 1 through 86 above as if fully plead herein, and for further claims against the Defendants alleges as follows:

88. Plaintiff brings forth each and every cause of action alleged above under the Oklahoma Consumer Protection Act pursuant to its tie-in provision.

89. At all material times hereto, Plaintiff was a consumer who purchased insurance

products and services from Defendants.

90.   Defendants have violated the Oklahoma Consumer Protection Act in the manners including, but not limited to, the following:

(1) Representing that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

(2) Failing to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

(3) Engaging in an unconscionable course of conduct.

(4) At all material times hereto, Plaintiff was a consumer of insurance services or products of Defendants, and Plaintiff would show that Defendants' violations as set forth above, constitutes a violation of the Oklahoma Consumer Protection Act, causing Plaintiff damages.

(5) By accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, Defendants have engaged in an unconscionable action or course of action as prohibited by the Oklahoma Consumer Protection Act, in that Defendants took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received.

## EIGHTH CAUSE OF ACTION
## BREACH OF COMMON LAW
## DUTY OF GOOD FAITH AND FAIR DEALING

91.     Plaintiff adopts and incorporates by reference paragraphs 1 through 90 above as if fully plead herein, and for further claims against the Defendants alleges as follows:

92.     Defendants' conduct, as described above, constitutes a breach of the common law duty of good faith and fair dealing owed to it's insured pursuant to the insurance contract.

93.     Defendants' conduct, as described above, was in direct contradiction of the applicable industry standards of good faith and fair dealing.

94.     Defendants' failure, as described above, to adequately and reasonable investigate, evaluate, and pay the benefits owed under the insurance contract, knowing full well through the exercise of reasonable diligence that its liability was reasonably clear, resulted in a breach of the duty of good faith and fair dealing.

## PRAYER FOR RELIEF

**WHEREFORE**, premises considered, the Plaintiff prays for judgment against Defendants, ALTERRA, FRATES, ENGLE MARTIN and NONHOF for:

a.      Payment of all contractual benefits for all coverages afforded to Plaintiff under the subject policy of insurance for damage to the properties caused by the May 31, 2013, Wind/Hail storm, together with interest on all amounts due;

b.      Disgorgement of the incureased financial benefits derived by Defendants as a direct result of Defendants' wrongful or intentional, willful, malicious

and/or reckless conduct;

c.     Actual and punitive damages each in an amount in excess of Ten
       Thousand Dollars ($10,000.00); and

d.     Attorneys' fees, costs and interest, including pre-judgment and post-
       judgment interest.

Respectfully submitted,

J. Drew Houghton, OBA # 18080
S. Alex Yaffe, OBA #21063
M. Blake Yaffe, OBA #9940
FOSHEE & YAFFE
P.O. Box 890420
Oklahoma City, OK 73189
T: (405) 632-6668
F: (405) 632-3036
dhoughton@fosheeyaffe.com
ayaffe@fylaw.com
mbyaffe@fylaw.com

**MERLIN LAW GROUP**

Larry Bache, Esq.
FL State Bar No: 91304
777 S. Harbour Blvd, 9th Floor
Tampa, FL 33602
lbache@merlinlawgroup.com
T: 813-229-1000
F: 813-229-3692

Phillip N. Sanov, Esq.
TX State Bar No: 17635959
Three Riverway, Suite 701
Houston, Texas 77056
psanov@merlinlawgroup.com
T: 713-626-8880
F: 713-626-8881
*ATTORNEYS FOR PLAINTIFF*

**ATTORNEYS' LIEN CLAIMED
JURY TRIAL DEMANDED**

18