**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **KENNETH D. RAMSEY, TRUSTEE OF** ) | |
| **RAMSEY FAMILY REVOCABLE** ) | |
| **LIVING TRUST**, ) | |
| Plaintiff, ) | |
| ) | |
| *versus* ) | |
| ) | Case No. <u>CIV-15-443-D</u> |
| ) | |
| **ALTERRA EXCESS & SURPLUS** ) | |
| **INSURANCE COMPANY, and** ) | |
| **FRATES INSURANCE & RISK** ) | |
| **MANAGEMENT, LLC, d/b/a FRATES** ) | |
| **INSURANCE & RISK MANAGEMENT,** ) | |
| ) | |
| Defendants. ) | |

<u>**SECOND AMENDED
COMPLAINT**</u>

Plaintiff, KENNETH D. RAMSEY, TRUSTEE OF RAMSEY FAMILY REVOCABLE LIVING TRUST (hereinafter "Plaintiff"), for his claims against Defendants, ALTERRA EXCESS & SURPLUS INSURANCE COMPANY ("ALTERRA"), and FRATES INSURANCE & RISK MANAGEMENT, LLC d/b/a FRATES INSURANCE & RISK MANAGEMENT ("FRATES"), (collectively referred to herein as "Defendants") and hereby states as follows:

<u>**STATEMENT OF FACTS**</u>

1.     Plaintiff is a resident of Moore, Cleveland County, State of Oklahoma. Plaintiff has an insurable interest in the following properties located in Oklahoma County

and Cleveland County, State of Oklahoma:

    a. [1]    100 S.E. 29th Street;

    b. [2]    2100 S.W. 29th Street;

    c. [5]    417 – 431 S.W. 29th Street;

    d. [10]    641 S.W. 29th Street;

    e. [12]    739 S.W. 29th Street;

    f. [19]    1010-1016 S.W. 29th Street;

    g. [24]    1340 S.W. 29th Street;

    h. [27]    1600 S.W. 29th Street;

    i. [40]    2541 S.W. 29th Street;

    j. [42]    2605 S.W. 29th Street;

    k. [46]    2912 S. Robinson Avenue;

    l. [53]    4401 S.E. 104th Street;

    m. [57]    10401 Sunnylane Road;

    n. [60A] 301 S.W. 29th Street (Dwelling); and

    o. [60B] 301 S.W. 29th Street (Garage and Steel Storage Building).

2.    Defendant, ALTERRA is a corporation incorporated under the laws of the State of Delaware, and is an insurance company registered to engage in the business of insurance in the State of Oklahoma.

3.    Defendant, FRATES is a licensed insurance agency organized and existing under the laws of the State of Oklahoma. Defendant FRATES' principle place of

2

business is 13439 Broadway Extension Hwy, in Oklahoma City, Oklahoma County, State of Oklahoma, and who may receive service of process by and through its registered agent of service, Len Cason at 201 Robert S. Kerr Ave., 16th Floor, Oklahoma City, OK 73116.

4.     Defendant FRATES is a citizen of the State of Oklahoma and all allegations as to Defendant FRATES, herein, are allegations against FRATES' agents, servants and/or employees.

5.     Plaintiff contends this Court lacks jurisdiction pursuant to 28 U.S.C. Section 1332(a)(1) as complete diversity of citizenship does not exist between Plaintiff and Defendants.

6.     Plaintiff entered into a contract for insurance with Defendant, ALTERRA to provide coverage for the scheduled properties and its contents.  Plaintiff's insured properties are located in Cleveland County, Oklahoma.

7.     Plaintiff purchased the policy of insurance through the offices of Defendant, FRATES in Oklahoma County, State of Oklahoma.   At the time Plaintiff purchased the policy of insurance with Defendant, ALTERRA, the Defendant, FRATES was an agent and/or an ostensible agent of Defendant ALTERRA.

8.     Defendant, FRATES was familiar with Plaintiff and had served as Plaintiff's insurance agent for his insurance needs.  Defendant FRATES advised Plaintiff of the need to maintain replacement cost coverage on all properties.

9.     Plaintiff relied on Defendant FRATES' representations and purchased the same.

Plaintiff trusted and believed Defendant FRATES had the requisite insurance agent skills and expertise to properly procure the replacement cost insurance coverage Plaintiff requested.

10. Thereafter Defendant ALTERRA issued the Commercial Policy, Policy No. MAX3PP0060324 (the "Policy"), to the Plaintiff.

11. Defendant ALTERRA represented to the Plaintiff, directly and through their agent, the Defendant, FRATES, that it would conduct itself in accordance with Oklahoma law and would fully and faithfully investigate and pay claims.  Plaintiff relied on said representations.

12. On or about May 31, 2013, the properties insured by Plaintiff under the subject Policy were severely damaged as a direct result of Wind/Hail.

13. Plaintiff timely and properly submitted a claim(s) to Defendant ALTERRA for the property damage incurred due to the Wind/Hail.

14. Defendant, ALTERRA confirmed that the cause of Plaintiff's property damage claim(s) were due to the Wind/Hail and that the loss(es) were covered under the terms and conditions of the Policy with Defendant, ALTERRA. Defendant, ALTERRA assigned a single claim number of MXBP25687 for each of the insured and scheduled properties.

4

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

15.    Plaintiff adopts and incorporates by reference paragraphs 1 through 14 above as if fully plead herein, and for further claims against the Defendant, ALTERRA alleges as follows:

16.    Plaintiff entered into a contract for insurance with Defendant, ALTERRA to provide coverage for all scheduled properties.

17.    At all times material hereto, the Policy of insurance, Policy No. MAX3PP0060324, was in full force and effect.

18.    Plaintiff provided timely and proper notice of his claim(s) of property damage resultant from the May 31, 2013 Wind/Hail storms.

19.    Plaintiff has complied with the terms and conditions and all conditions precedent under the Policy of insurance.

20.    This notwithstanding, the Defendant, ALTERRA, has breached its contractual obligations under the terms and conditions of the insurance contract with Plaintiff by failing to pay Plaintiff all benefits to which he is entitled under the terms and conditions of the policy for all scheduled properties.

21.    As a result of Defendant, ALTERRA's breach of contract and other wrongful conduct, Plaintiff has sustained financial losses, mental and emotional distress and has been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs and interest.

22.     The conduct of Defendant, ALTERRA, was intentional, willful, malicious and in reckless disregard of the rights of the Plaintiff, and is sufficiently egregious in nature so as to warrant the imposition of punitive damages.

## SECOND CAUSE OF ACTION
## BAD FAITH

23.     Plaintiff adopts and incorporates by reference paragraphs 1 through 22 above as if fully plead herein, and for further claims against the Defendants alleges as follows:

24.     Defendant, ALTERRA, owed a duty to Plaintiff to deal fairly and in good faith.

25.     Defendant, ALTERRA, breached its duty to deal fairly and in good faith by failing to timely and properly evaluate and/or pay the Plaintiff's claim.

26.     Defendant, ALTERRA's obligations to the Plaintiff arise from both express written terms under the insurance policy as well as implied obligations under Oklahoma law.

27.     Defendant, ALTERRA's conduct is a material breach of the terms and conditions of the insurance contract entered into with the Plaintiff and constitutes bad faith.

28.     As a direct result of Defendant, ALTERRA's bad faith Plaintiff's claim was unnecessarily delayed, inadequately investigated, denied, and wrongly underpaid. Said actions resulted in additional profits and financial windfall for Defendant, ALTERRA.

29.     As a result of Defendant, ALTERRA's conduct the Plaintiff has sustained financial losses, mental and emotional distress and has been damaged in an

amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs and interest.

30.    Defendant, ALTERRA's conduct was intentional, willful, malicious and in reckless disregard of the rights of Plaintiff, and is sufficiently egregious in nature so as to warrant the imposition of punitive damages.

31.    Plaintiff further alleges Defendant, ALTERRA, enjoyed increased financial benefits and ill-gotten gains as a direct result of the wrongful conduct described above herein, which resulted in the injury to Plaintiff.

## THIRD CAUSE OF ACTION
## NEGLIGENCE IN THE PROCUREMENT OF INSURANCE

32.    Plaintiff adopts and incorporates by reference paragraphs 1 through 31 above as if fully plead herein, and for further claims against the Defendant, FRATES alleges as follows:

33.    Defendant, FRATES, was familiar with Plaintiff and had been hired as Plaintiff's insurance agent for his property insurance needs.  In this capacity, Defendant FRATES advised Plaintiff of the need to purchase and maintain the more expensive replacement cost coverage so that all of his properties would be replaced in the event of damage or destruction to any of the properties by a covered loss.

34.    Plaintiff relied upon Defendant FRATES' representations and annually purchased the suggested coverage by paying a higher premium each year for each scheduled

7

property.

35.    Defendant, FRATES procured the subject replacement cost policy for Plaintiff with Defendant ALTERRA.

36.    Defendant, FRATES owed Plaintiff a duty to act in good faith and to exercise reasonable care, skill and diligence in the procurement of insurance for Plaintiff, and in the notification of insurance coverage options to the Plaintiff for all scheduled properties.

37.    Defendant, FRATES had a duty to inform Plaintiff of all coverages, benefits, limitations and exclusions in the coverage procured.

38.    Defendant, FRATES breached its duty owed to Plaintiff and is liable to the Plaintiff because the insurance requested by Plaintiff was not procured as promised and Plaintiff suffered a loss(es).

39.    Defendant ALTERRA alleges that some of the Plaintiff's scheduled properties were not insured at the time of loss and therefore are not covered losses.

40.    Defendant, FRATES negligently failed to procure insurance coverage for all of Plaintiff's properties, including scheduled properties previously listed as: [5], [10], [12], [24], [27], [40], and [53].

41.    Defendant, FRATES breached its duty owed to Plaintiff by:

a.    Procuring an insurance policy that did not serve to fully replace all of its insured's property when it was damaged or destroyed by a covered loss.

b.    Procuring an insurance policy that did not accurately reflect the reasonable

expectations of the Plaintiff.

c.   Failing to inform Plaintiff of the limitations of the insurance policy procured for Plaintiff.

d.   Failing to procure an insurance policy that covered all of the Plaintiff's scheduled properties in accord with the Plaintiff's reasonable expectations.

42.   Defendant, FRATES was negligent and breached its duty owed to Plaintiff by failing to review the policy procured for Plaintiff to ensure it provided appropriate and adequate coverage for all of Plaintiff's properties.

43.   Plaintiff reasonably believed the insurance policy procured and maintained by Defendant, FRATES was in conformity to the agreement Plaintiff had with FRATES.

44.   Plaintiff relied upon Defendant, FRATES to procure and maintain appropriate and adequate coverage for all of Plaintiff's properties.

45.   Defendant, FRATES knew or should have known Plaintiff relied upon them to procure appropriate and adequate coverage for all properties owned by Plaintiff, and it is foreseeable that the failure to procure appropriate and adequate coverage for Plaintiff could unnecessarily expose Plaintiff to significant harm, losses and damages.

46.   As a result of Defendant, FRATES conduct, Plaintiff has sustained financial losses and has been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

47.   The conduct of Defendant, FRATES was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiff, and said conduct is sufficiently egregious in nature to warrant the imposition of punitive damages.

**FOURTH CAUSE OF ACTION**
**CONSTRUCTIVE FRAUD AND**
**NEGLIGENT MISREPRESENTATION**

48.   Plaintiff adopts and incorporates by reference paragraphs 1 through 47 above as if fully plead herein, and for further claims against the Defendant, FRATES alleges as follows:

49.   Defendant FRATES had a duty to exercise reasonable diligence and skill in obtaining and notifying Plaintiff of insurance coverage options. Defendant FRATES breached this duty by misrepresenting to Plaintiff as follows:

   a.   That the insurance procured was truly one of "replacement."

   b.   That the amount of coverage procured, and for which premiums were paid, was equal to the estimated replacement cost of Plaintiff's property.

   c.   That the amount of coverage procured would provide the coverage necessary for Plaintiff to replace their property in the event it was destroyed by a covered event.

   d.   The the insurance policy procured would comply with Plaintiff's reasonable expectations that the property would be restored to its pre-loss condition in the event of a covered loss.

   e.   That the insurance policy procured would cover all of the Plaintiff's

10

properties, not just some of them.

50.   That as a result of Defendant FRATES' breach of duty, the Defendant, FRATES

      gained an advantage to the prejudice and detriment of Plaintiff.

51.   Defendant, FRATES misrepresented the nature and scope of the insurance policy

      procured for Plaintiff.

52.   Defendant, FRATES misrepresented the policy as one which was necessary to

      provide appropriate and adequate coverage for Plaintiff's properties.

53.   Defendant, FRATES misrepresented the policy was one which was in an amount

      necessary to replace Plaintiff's property in the event it was destroyed by a covered

      event.

54.   Defendant, FRATES' misrepresentations constitute constructive fraud.

55.   Plaintiff was induced to accept and purchase the Defendant, ALTERRA's policy

      of insurance by Defendant, FRATES' misrepresentations and constructive fraud.

56.   Plaintiff was misled by Defendant, FRATES' misrepresentations and constructive

      fraud.

57.   As a result of the Defendant, FRATES' misrepresentations and constructive fraud,

      Plaintiff has sustained financial losses and has been damaged in an amount in

      excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs,

      and all interest allowed by law.

58.   Plaintiff is further entitled to reformation of the insurance contract to provide

      coverage consistent with the Defendant, FRATES' misrepresentations.

11

59.   The conduct of Defendant, FRATES was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiff, and/or was grossly negligence, and is sufficiently egregious in nature to warrant the imposition of punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, premises considered, Plaintiff prays for judgment in their favor and against Defendants, ALTERRA and FRATES for:

a.   Payment of all contractual benefits for all coverages afforded to Plaintiff under the subject policy of insurance for damage to the properties caused by the May 31, 2013, Wind/Hail storm, together with interest on all amounts due;

b.   Actual and punitive damages each in an amount in excess of Ten Thousand Dollars ($10,000.00);

c.   Disgorgement of the increased financial benefits derived by any and/or all of the Defendants as a direct result of the Defendants' wrongful or intentional, willful, malicious and/or reckless conduct;

d.   Pre-judgment and post-judgment interest, costs, attorneys' fees, and any other relief deemed equitable and just.

Respectfully submitted,

*s/ J. Drew Houghton*
J. Drew Houghton, OBA # 18080
**FOSHEE & YAFFE**
P.O. Box 890550
Oklahoma City, OK 73189
T: (405) 232-8080
F: (405) 601-1103
dhoughton@fosheeyaffe.com


**MERLIN LAW GROUP**

Larry Bache, Esq.
FL State Bar No: 91304
777 S. Harbour Blvd, 9th Floor
Tampa, FL 33602
lbache@merlinlawgroup.com
T: 813-229-1000
F: 813-229-3692

Phillip N. Sanov, Esq.
TX State Bar No: 17635959
Three Riverway, Suite 701
Houston, Texas 77056
psanov@merlinlawgroup.com
T: 713-626-8880
F: 713-626-8881

*ATTORNEYS FOR PLAINTIFF*

**ATTORNEYS' LIEN CLAIMED**
**JURY TRIAL DEMANDED**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on the 26th day of June, 2015, I electronically transmitted the above document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:


D. Lynn Babb, Esq.
Amy S. Neathery, Esq.
PIERCE, COUCH, HENDRICKSON
BAYSINGER & GREEN, LLP
Post Office Box 26350
Oklahoma City, OK 73126




*s/ J. Drew Houghton*